```
                                                           FILED
                                                        JUN 1 5 2006
                                                      RICHARD W. WIEKING
                                                   CLERK, U.S. DISTRICT COURT
                                                  NORTHERN DISTRICT OF CALIFORNIA
                                                             OAKLAND
```

1  KEVIN V. RYAN (CASBN 118321)
   United States Attorney
2
3  MARK L. KROTOSKI (CASBN 138549)
   Chief, Criminal Division
4  GARTH HIRE (CASBN 187330)
   JAMES E. KELLER (NYSBN 2893881)
5  Assistant United States Attorneys

6  1301 Clay Street, Suite 340S
   Oakland, California 94612-5217
7  Telephone: (510) 637-3929
   Facsimile: (510) 637-3724
8
   Attorneys for Plaintiff
9

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR 05-00806 DLJ |
|---|---|---|
| Plaintiff, | ) | STIPULATION AND [PROPOSED] |
| | ) | ORDER CONTINUING HEARING DATE |
| v. | ) | FOR CHANGE OF PLEA OR MOTIONS |
| | ) | SETTING AND EXCLUDING TIME |
| ALIJANDRO JONES, | ) | |
| | ) | |
| Defendants. | ) | OAKLAND VENUE |

Plaintiff, by and through its attorney of record, and defendant, by and through his attorney of record, hereby stipulate and ask the Court to find as follows:

1. A change of plea hearing or motions setting hearing is currently scheduled for 9 a.m. on Friday, June 16, 2006.

2. The parties request that this hearing be continued for two weeks until 9 a.m. on Friday, June 30, 2006, in order to provide defendant's counsel with additional time to evaluate the evidence in this case and determine whether or not defendant should enter a change of plea or file motions in this matter.

STIPULATION AND ORDER RESCHEDULING
HEARING; EXCLUDING TIME

3. Specifically, defendant's counsel needs the two-week continuance in order to further review the evidence in this case, to review and analyze the discovery materials produced, investigate the case, and develop a motions and/or trial strategy in light of that discovery. The parties believe that failure to grant the above-requested continuance would deny defendant's counsel and defendant the reasonable time necessary for effective preparation taking into account the exercise of due diligence and that the ends of justice served by continuing the case as requested outweigh the interest of the public and defendant in a trial within the date prescribed by the Speedy Trial Act.

IT IS SO STIPULATED.

DATE: June 14, 2006

Respectfully submitted,

KEVIN V. RYAN
United States Attorney

_____/s/[1]_____
GARTH HIRE
JAMES E. KELLER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

_____/s/_____
JAMES PHILLIP VAUGHNS, ESQ.
Counsel for Alijandro Jones

[PROPOSED] ORDER

FOR GOOD CAUSE SHOWN, THE COURT ADOPTS THE FINDINGS OF FACT AND CONCLUSIONS OF LAW STIPULATED TO BY THE PARTIES. THEREFORE, IT IS SO FOUND AND ORDERED THAT:

1. The currently scheduled June 16, 2006, change of plea or setting of motions hearing is vacated. A change of plea or motions setting hearing is now scheduled for 9:00 a.m. on June 30,

---

[1] I hereby attest that I have on file all the holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

2006.

2. The time period from June 16, 2006, to June 30, 2006, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(8)(A) because it results from a continuance granted by the Court at the defendants' request and on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. Finally, the time period from June 16, 2006, to June 30, 2006, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(8)(B)(iv) because failure to grant the continuance would unreasonably deny defense counsel the time necessary for effective preparation for trial, taking into account due diligence. The Court finds that nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which trial must commence.

DATED: 6-15-06

HONORABLE D. LOWELL JENSEN
UNITED STATES DISTRICT JUDGE