<div style="margin-left: 2em;">United States District Court<br>Northern District of California</div>

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ALIJANDRO JONES,<br><br>　　　　Defendant. | Case No. 05-cr-00806-JSW-1<br><br>**ORDER REGARDING MOTION FOR CHILD WITNESS ACCOMMODATIONS AND DEFENDANT'S INTENTION TO WAIVE PRESENCE AT EVIDENTIARY HEARING**<br><br>Re: Dkt. Nos. 148, 150 |

　　　　This matter is scheduled for an evidentiary hearing on allegations that Defendant violated his conditions of supervised release. The Government intends to call two minor witnesses at that hearing. After the parties could not reach an agreement on what procedures the Court should follow, the Government moved for accommodations set forth in 18 U.S.C. section 3509.

　　　　Specifically, the Government asks that the witnesses be able to testify via 2-way closed circuit television, that the courtroom be closed to the public during their testimony, and that they be permitted to be accompanied by adult attendants and a trained canine support animal during their testimony. *See* 18 U.S.C. §§ 3509(b)(1), (e), (i). Defendant does not oppose the requests for an emotional support canine or to close the courtroom during the minors' testimony. Accordingly, the Court GRANTS, IN PART, the Government's motion as unopposed.

　　　　Defendant does object to permitting the minors to testify by closed circuit television. Based on the declaration filed by FBI Special Agent Martha Parker, the Court was prepared to question the minors in the jury room, pursuant to Section 3509(b)(1)(C), in order to make the findings required by Section 3509(b). However, in his opposition to the Government's motion to continue the hearing and in his opposition to the Government's motion for accommodations, Defendant has stated he does not intend to be present for the evidentiary hearing, which would

1  render moot the Government's request for testimony by 2-way closed circuit television.

2  Defendant is not entitled to the "full panopoly of rights" that he would be due at a trial.

3  *Morrisey v. Brewer*, 408 U.S. 471, 480 (1972).  Under Rule 32.1, he does have a right to a hearing

4  and the right to be present at that hearing.  He also has a due process right under the Fifth

5  Amendment to confront and cross-examine witnesses against him.  *See United States v. Hall*, 450

6  F.3d 980, 985-86 (9th Cir. 2005).  Although counsel has made representations that Defendant will

7  not attend the hearing, the Court ORDERS Defendant to file a written waiver of his right to be

8  present at the hearing by 8:00 a.m. on Monday, September 11, 2023.

9  **IT IS SO ORDERED**.

10 Dated: September 6, 2023

   _____
   JEFFREY S. WHITE
   United States District Judge